UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PW STOELTING, LLC,

    Plaintiff,

v.                                                Case No. 16-CV-381

STEVEN J. LEVINE; ADVANCED
FROZEN TREAT TECHNOLOGY, INC.
dba SUPERIOR FREEZERS CALIFORNIA;
and PRISM MARKETING CORPORATION
dba SUPERIOR FREEZERS NORTHWEST,

    Defendants.

## DECISION AND ORDER

Plaintiff PW Stoelting LLC (Stoelting) filed a complaint against Defendants Steven Levine, Advanced Frozen Treat Technology (AFTT), and Prism Marketing Corporation (Prism). Plaintiff alleges infringement of a federally registered trademark in violation of 15 U.S.C. § 1114 against all Defendants; unfair competition and making of false and misleading designations and representations in violation of 15 U.S.C. § 1125(a) against all Defendants; and breach of contract against AFTT and Prism.

Defendants have filed a motion to dismiss the claims brought by Stoelting. (ECF No. 12.) Defendants make two principal arguments. First, Defendants argue that the Court lacks personal jurisdiction over them. Second, Defendants assert that venue is improper in this Court. In the alternative, Defendants request that the action be transferred to the Central District of California for the convenience of the parties. Plaintiff requests limited jurisdictional discovery if questions remain concerning personal jurisdiction over Levine in his individual capacity. (ECF No. 37.) Finally,

Defendants filed a motion for leave to file a sur-sur-reply and for limited jurisdictional discovery and oral argument to address issues raised in Plaintiff's sur-reply. (ECF No. 40.) For the reasons set forth below, Defendants' motion to dismiss for lack of personal jurisdiction will be denied. Defendants' motion to dismiss for improper venue and motion to transfer will also be denied. Additionally, Plaintiff's motion for limited jurisdictional discovery and Defendants' motion for leave to file a sur-sur-reply and for jurisdictional discovery and oral argument will also be denied.

**BACKGROUND**

Stoelting is a Limited Liability Company with its headquarters in Kiel, Wisconsin. (Compl., ECF No. 1, ¶ 6.) Stoelting utilizes the Stoelting® Mark in connection with Stoelting's manufacture, distribution, sales, marketing, advertising, and promotion of its frozen confection and distributing equipment. (*Id.* ¶¶ 11–12.) Stoelting owns the United States Trademark Registration No. 0823348, registered in 1967, for the Stoelting® Mark for "frozen confection and distributing equipment." (*Id.* ¶ 11.) The Stoelting® Mark is widely recognized and respected in the foodservice industry as indicative of high-quality frozen confection equipment, such as soft serve, yogurt, shake, custard, and frozen beverage dispensers. (*Id.* ¶¶ 10, 17–20.)

AFTT is a California corporation with its principal place of business in the state of California. (*Id.* ¶ 8.) Prism is a Nevada corporation with its principal place of business in the state of Washington. (*Id.* ¶ 9). Steven J. Levine is a natural born U.S. citizen domiciled in the state of Washington and is the President and Chief Executive Officer of both AFTT and Prism. (ECF No. 14 at 2.) In 2011, Stoelting entered into distribution agreements with AFTT and Prism to make them authorized distributors of Stoelting products. (Compl., ECF No. 1, ¶¶ 24–25.) AFTT's sales territory under the Stoelting Distribution Agreement included 13 counties in California and Prism's

sales territory under the Stoelting Distribution Agreement included four counties in the state of Washington and 27 counties in Oregon. (*Id.* Ex. C, 8.; Ex. D, 8.)

It is undisputed that during the course of the parties' nearly five year long contractual relationship, AFTT and Prism purchased large quantities of products from Stoelting in Wisconsin, Stoelting shipped those products from Wisconsin, and AFTT and Prism sent the payments to Stoelting in Wisconsin. (Koehl Decl., ECF No. 18 ¶ 13.) The majority of all Stoelting equipment was manufactured in Wisconsin. (*Id.* ¶ 15.) As part of the distribution agreements, Stoelting imposed certain standards and requirements on AFTT and Prism, such as "maintain warehouses stocked with at least the minimum amount of Stoelting inventory, maintain insurance policies with specified limits naming Stoelting as an additional insured . . . provide financial statements and reports to Stoelting upon request, and provide service on Stoelting equipment pursuant to Stoelting's warranty." (*Id.* ¶ 9.) Levine, as president of AFTT and Prism, communicated with Stoelting via emails and phone calls. (*Id.* ¶¶ 12, 16, 24.) Levine also made a presentation at a Stoelting distributor meeting in Wisconsin in 2014. (*Id.* ¶¶ 27–28.) AFTT never made any sales in the state of Wisconsin and Prism made only one. (ECF No. 14 at 3–4.) AFTT, Prism, and Levine do not have bank accounts, properties, businesses, mailing addresses, or physical addresses within the state of Wisconsin. (*Id.* at 3.)

Plaintiff alleges that it properly terminated the distribution agreements for both AFTT and Prism no later than January 31, 2016. (Compl., ECF No. 1, ¶ 23.) Plaintiff further alleges AFTT and Prism failed to return all marketing, promotional, and advertising materials after the termination and continued to present themselves to the public as authorized users of Stoelting products. (*Id.* ¶¶ 42–43.) Those materials include the Stoelting® Mark, which Plaintiff alleges Defendants continued

3

to use on their websites. (*Id.* ¶¶ 43–44.) Plaintiff alleges Levine personally used the Stoelting® Mark in a way that infringes on Plaintiff's trademark. (*Id.* ¶¶ 61–67.) Plaintiff further alleges that AFTT and Prism breached the distribution agreement by failing to return Plaintiff's materials, making unauthorized extraterritorial sales, wrongfully taking payments, and failing to pay amounts owed to Plaintiff. (*Id.* ¶ 82.)

## ANALYSIS

**A. Personal Jurisdiction**

In a dispute over personal jurisdiction, the plaintiff has the burden of proving that jurisdiction exists. *Advance Tactical Ordnance Systems, LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 799–800 (7th Cir. 2014). If the case involves both federal and state claims, but the federal statute does not have a special rule for personal jurisdiction, the court applies the law of the forum. *See id.* at 800; Fed.R.Civ.P. 4(k). The federal claim in this case (the Lanham Act) does not have a special rule for personal jurisdiction, so this Court will use Wisconsin law.

Under Wisconsin law, determining whether personal jurisdiction may be exercised requires a two-step inquiry. First, the court must determine whether defendants are subject to jurisdiction under Wisconsin's long-arm statute, Wis. Stat. § 801.05. *Kopke v. A. Hartrodt, S.R.L.*, 2001 WI 99, ¶ 8, 245 Wis.2d 396, 629 N.W.2d 662. Second, if the statutory requirements are satisfied, the court must decide whether the exercise of jurisdiction comports with the requirements of due process. *Id.* Personal jurisdiction may be exercised only if both requirements are met: the statute must authorize the exercise of jurisdiction and the exercise of jurisdiction must not offend due process. To decide that issue, I turn first to Wisconsin's long-arm statute.

### 1. Long-Arm Statute

Plaintiff claims that AFTT, Prism, and Levine's trademark infringement actions and AFTT and Prism's breach of contract actions fall under the local services, goods, or contracts provision and the local property provision of Wisconsin's long arm statute. (*Id.* at 13 n.1.) The relevant sections state:

> (5) **Local services, goods or contracts**. In any action which:
> (b) Arises out of services actually performed for the plaintiff by the defendant within this state, or services actually performed for the defendant by the plaintiff within this state if such performance within this state was authorized or ratified by the defendant; or . . .
>
> (d) Relates to goods, documents of title, or other things of value shipped from this state by the plaintiff to the defendant on the defendant's order or direction; or . . .
>
> (6) **Local property**. In any action which arises out of:
> (c) A claim that the defendant return, restore, or account to the plaintiff for any asset or thing of value which was within this state at the time the defendant acquired possession or control over it.

Wis. Stat. §§ 801.05(5); (6). "Wisconsin's long-arm statute, Wis. Stat. § 801.05, has been interpreted to confer jurisdiction 'to the fullest extent allowed under the due process clause.'" *Felland v. Clifton*, 682 F.3d 665, 678 (7th Cir. 2012) (quoting *Daniel J. Hartwig Assocs., Inc. v. Kanner*, 913 F.2d 1213, 1217 (7th Cir. 1990)).

The Wisconsin long-arm statute allows the exercise of personal jurisdiction against AFTT and Prism on the breach of contract claim. Plaintiff alleges that it provided a large number of services out of its Wisconsin headquarters, including the manufacturing and shipping of goods, training, and completion of warranty claims. (Koehl Decl., ECF No. 18 ¶¶ 10–11, 21–22.) Plaintiff also claims that, pursuant to the distribution agreements and at AFTT and Prism's direction, it

5

shipped products from Wisconsin totaling over $20 million in value. (*Id.* ¶¶ 13–15, 21.) Plaintiff alleges specific instances where it shipped goods at AFTT and Prism's direction and they never paid. (Compl., ECF No. 1, ¶¶ 48–52.) Construing § 801.05(5) liberally in favor of the exercise of jurisdiction, Plaintiff's allegations satisfy its requirements. The contractual relationship between Stoelting and AFTT and Prism lasted nearly five years. At AFTT and Prism's direction, Stoelting manufactured goods, shipped them to the Defendants or a third party buyer, and carried out any warranty claims. The manufacture and shipment of goods here qualifies as a service for the purposes of Wis. Stat. § 801.05(5)(b). *See Generac Corp. v. Omni Energy Sys., Inc.*, 19 F. Supp. 2d 917, 920–21 (E.D. Wis. 1998). Further, the shipment of goods from Stoelting's Wisconsin headquarters at the direction of AFTT and Prism directly relates to Plaintiff's breach of contract action.

The Wisconsin long-arm statute also allows the exercise of personal jurisdiction against Defendants AFTT, Prism, and Levine on Plaintiff's trademark infringement claim. Plaintiff alleges that AFTT and Prism acquired possession and control over the Stoelting® Mark when they entered into the Distribution Agreements. Specifically, Plaintiff argues that the Stoelting® Mark and related marketing materials were Stoelting's property, based within Wisconsin, at the time possession was transferred. Plaintiff also alleges that Levine either acquired the Stoelting® Mark for his own personal use after the distributorships terminated—a time when proper control lay in Wisconsin—or that he acquired the distribution rights and materials in his individual capacity before the incorporation of AFTT. Finally, Plaintiff argues that because the entirety of its claims arise out of and are related to the distribution agreements, Wis. Stat. § 801.05(5)(b), (d) apply. Once more construing § 801.05 liberally in favor of the exercise of jurisdiction, Plaintiff's allegations satisfy its requirements. Plaintiff's trademark infringement claim falls under Wis. Stat. § 801.05(6)(c)—it is

6

a claim seeking to return the Stoelting® Mark to Stoelting, after it was transferred from Wisconsin to the Defendants. AFTT, Prism, and Levine are thus subject to personal jurisdiction under Wisconsin's long-arm statute.

### 2. Due Process

Having found that Wisconsin's long-arm statute allows the exercise of personal jurisdiction over the Defendants, I now turn to the question of whether the exercise of such jurisdiction would comport with the requirements of due process. For a court to exercise personal jurisdiction consistent with due process, the defendant must have sufficient contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Personal jurisdiction may be either specific or general. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984). Here, the focus is on specific jurisdiction, because the Plaintiff does not allege that the Defendants have continuous or systematic contacts with Wisconsin.

A court has specific jurisdiction over a nonresident defendant when "a controversy is related to or 'arises out of' a defendant's contacts with the forum." *Id*. at 414 (citation omitted). The contacts relevant to specific jurisdiction are those contacts with the forum state that are both related to the lawsuit and created by the defendant. *Walden v. Fiore*, 134 S. Ct. 1115, 1121–22 (2014). Specific jurisdiction is appropriate where (1) the defendant "purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state;" (2) "the alleged injury [arose] from the defendant's forum-related activities;" and (3) the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *Felland*, 682 F.3d at 673 (citations omitted).

AFTT and Prism argue that they do not have sufficient minimum contacts with Wisconsin in the present case and instead all their contacts relate directly to Stoelting. In support of their motion to dismiss, AFTT and Prism cite to several cases with certain similar facts where the court did not find the existence of specific personal jurisdiction. *See Advance Tactical Ordnance*, 751 F.3d 796 (holding that competitor's knowledge that the manufacturer was an Indiana company and sales of the allegedly infringing product to purchasers Indiana were not sufficient to establish minimum contacts necessary for personal jurisdiction); *Lakeside Bridge & Steel Co. v. Mountain State Construction Co.*, 597 F.2d 596 (7th Cir. 1979) (knowledge that the goods for a contract would likely be manufactured in Wisconsin did not establish minimum contacts for a West Virginia buyer, nor did making telephone calls and mailing payments into the forum state provide sufficient bases for jurisdiction); *Doctors Oxygen Serv., Inc. v. Cannon Mgmt. Grp., LLC*, 2015 WL 1932073 (E.D. Wis. Apr. 28, 2015) (finding minimum contacts in Wisconsin were not established by an Illinois company when it was solicited by a Wisconsin company for a one-time contract and the Wisconsin company performed some preparatory work in Wisconsin).

Unlike the cases cited by AFTT and Prism, the facts of this matter provide sufficient due process grounds for specific personal jurisdiction. AFTT and Prism entered into distribution agreements with Stoelting, a Wisconsin based LLC, in 2011 and did business together for nearly five years. (Compl., ECF No. 1, ¶¶ 6, 24–25.) AFTT and Prism received marketing, promotional, and advertising materials from Stoelting in Wisconsin to help sell those products in their respective territories. (Koehl Decl., ECF No. 18 ¶ 8.) Levine, as the President and CEO of AFTT and Prism, contacted Stoelting in Wisconsin numerous times via phone and e-mail. (*Id.* ¶ 12.) Levine, as the President and CEO of AFTT and Prism, attended Stoelting's 2014 distributor meeting in Kiel,

8

Wisconsin and gave a presentation. (*Id.* ¶ 27.) The vast majority of all Stoelting equipment was manufactured in Wisconsin and the equipment manufactured elsewhere was sent to Wisconsin prior to being shipped to its final destination. (*Id.* ¶ 15.) AFTT and Prism paid for the equipment through checks and electronic payments, both of which were sent to Stoelting's offices in Wisconsin. (*Id.* 18.) AFTT and Prism sent hundreds of purchase orders to Stoelting in Wisconsin for, and ultimately received and sold, products totaling more than $20 million. (*Id.* ¶ 13–17.)

While each of those facts on their own may not provide sufficient minimum contacts with Wisconsin to support a finding of personal jurisdiction, together they demonstrate that AFTT and Prism purposefully availed themselves of the privilege of conducting business in Wisconsin. The alleged injuries from both the trademark infringement and breach of contract arose from AFTT and Prism's forum-related activities—specifically the distribution agreements they signed with Stoelting and allegedly breached. AFTT and Prism did business with Stoelting in Wisconsin for almost five years. The exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. Thus, AFTT and Prism's motion to dismiss for lack of personal jurisdiction will be denied.

The Court also has personal jurisdiction over Steven Levine. "The mere fact that [a defendant] took actions constituting sufficient contacts with the state on behalf of a corporate employer . . . will not shield the [defendant] from being subjected to jurisdiction." *Allstar Marketing Group, LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1120 (C.D. Cal. 2009); *see also Calder v. Jones*, 465 U.S. 783 (1984); *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 783 (1984); *Oxmans' Erwin Meat Co. v. Blacketer*, 86 Wis.2d 683, 273 N.W.2d 285 (1979). "[E]mployees of a corporation that is subject to personal jurisdiction of the courts of the forum may themselves be subject to jurisdiction if those employees were primary participants in the activities forming the basis

of jurisdiction over the corporation." *In re Application to Enforce Administrative Subpoenas Duces Tecum of the Securities and Exchange Commission*, 87 F.3d 413, 418 (10th Cir. 1998); *see also Balance Dynamics Corp. v. Schmitt Industries, Inc.*, 204 F.3d 683, 698 (6th Cir. 2000) (holding the court could exercise jurisdiction "over corporate officers who actively and personally involved themselves in conduct violating the Lanham Act, notwithstanding the fact that the defendants acted as agents when they did so").

Based upon Plaintiff's allegations, Levine appears to be the primary participant in the decision to not return the Stoelting® Mark to Plaintiff following the termination of the distributorship agreements and to continue to use the Mark elsewhere. As discussed above, that alleged decision to not return the Stoelting® Mark to Wisconsin and to use it elsewhere caused local harm to both Plaintiff and to the Plaintiff's property (the Stoelting® Mark). The fact that Levine's actions may have been as the President of AFTT and Prism does not shield him from liability for the alleged trademark infringement. Levine's contacts with Wisconsin on behalf of AFTT and Prism are sufficient to subject him to liability. Levine signed both distribution agreements, he consistently served as the point of contact between Stoelting and AFTT and Prism, he contacted Stoelting whenever there needed to be a "change order," and he attended Stoelting's distributor meeting in October 2014 to give a presentation. (Koehl Decl., ECF No. 18 ¶¶ 12, 15–17, 21–24, 27–28.) Furthermore, the exercise of personal jurisdiction over Levine does not offend traditional notions of justice and fair play. Levine is the President and CEO of the other two defendants, AFTT and Prism. Plaintiff's claims arise out of a singular set of actions: the breach of the distribution agreements and the decision by AFTT, Prism, and Levine to continue using the Stoelting® Mark. There is no compelling reason to assume that a single suit in Wisconsin would not be the most

10

efficient means of resolving the trademark infringement and breach of contract claims.

Based on the reasoning above, the due process requirements have been met for AFTT, Prism, and Levine. As a result, the two part test that Wisconsin follows in order to establish personal jurisdiction has been satisfied for all parties. AFTT, Prism, and Levine are subject to personal jurisdiction in Wisconsin courts for the purposes of this action. No further evidentiary hearing or discovery will be required on the matter of personal jurisdiction.

**B. Improper Venue and Transfer for Convenience**

Since personal jurisdiction has been established for the Defendants, the question becomes whether venue is proper. When there are issues regarding venue 28 U.S.C. § 1391(b) provides guidance by stating:

> (b) A civil action may be brought in
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Additionally, 28 U.S.C. § 1404(a) provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

The parties dispute whether a substantial part of the events giving rise to the claim occurred in Wisconsin. Defendants argue that venue is improper on the trademark infringement claim because the claim is limited to the use of the trademark on a non-interactive website directing sales at states

11

other than Wisconsin. *See Dakota Beef, LLC v. Pigors*, 445 F. Supp. 2d 917, 920–21 (N.D. Ill. 2006). However, this misstates Plaintiff's trademark claim: Stoelting argues that not only did AFTT, Prism, and Levine continue to display and use the Stoelting® Mark, but they have not returned the promotional, marketing, and advertising materials that contain the Stoelting® Mark. The substantial parts test of § 1391(b)(2) "may be satisfied by a communication transmitted or not transmitted to or from the district in which the cause of action was filed, given a sufficient relationship between the communication and the cause of action." *PKWare, Inc. v. Meade*, 79 F. Supp. 2d 1007, 1016 (E.D. Wis. 2000). AFTT, Prism, and Levine's refusal to return the promotional, marketing, and advertising materials containing the Stoelting® Mark, and the failure to receive permission to continue to use the Stoelting® Mark, constitute a substantial part of the events or omissions giving rising to the trademark claim. Additionally, the breach of the distribution agreements and the failure to make payments to Stoelting constitutes a substantial part of the breach of contract claim. It is therefore reasonable to conclude that venue exists in this district with respect to Plaintiff's trademark and breach of contract claims.

Defendants argue in the alternative that venue should be transferred to the Central District of California. A transfer for the purposes of convenience may only be to a district where the case could have originally been brought. 28 U.S.C. § 1404(a). Because venue is proper in the Eastern District of Wisconsin, the only other possibility for venue is "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). AFTT is incorporated under the laws of California and has its principal place of business in California. Prism is incorporated under the laws of Nevada with its principal place of business in Washington. Levine is domiciled in the state of Washington. Neither Prism nor Levine is a resident

12

of California and venue is not proper in the Central District of California. Because venue would be improper in the Central District of California, this Court does not need to address the issue of convenience.

Thus, because venue is proper in the Eastern District of Wisconsin and improper in the Central District of California, the matter will proceed in the Eastern District of Wisconsin.

## CONCLUSION

For the reasons given above, the motions to dismiss are **DENIED**. The motion to transfer for convenience is **DENIED**. Plaintiff's and Defendants' motion for jurisdictional discovery, Defendants' motion for oral argument, and Defendants' motion for leave to file a sur-sur-reply are **DENIED**. The Clerk is directed to set this matter on the Court's calendar for a Rule 16(b) Scheduling Conference. See Fed. R. Civ. P. 16(b).

Dated this  11th  day of October, 2016.

                              s/ William C. Griesbach
                              William C. Griesbach, Chief Judge
                              United States District Court