UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PW STOELTING LLC,

        Plaintiff,

v.                                                              Case No. 16-C-381

STEVEN J. LEVINE, ADVANCED
FROZEN TREAT TECHNOLOGY, INC.
d/b/a SUPERIOR FREEZERS CALIFORNIA,
and PRISM MARKETING CORPORATION
d/b/a SUPERIOR FREEZERS NORTHWEST,

        Defendants.

## DECISION AND ORDER

Plaintiff PW Stoelting LLC filed this action against Defendants Advanced Frozen Treat Technology (AFTT), Prism Marketing Corporation (Prism), and Steven Levine alleging infringement of a federally registered trademark in violation of 15 U.S.C. § 1114 against all Defendants; unfair competition and making of false and misleading designations and representations in violation of 15 U.S.C. § 1125(a) against all Defendants; and breach of contract against AFTT and Prism. The court previously denied Defendants' motion to dismiss for lack of personal jurisdiction and venue.

Defendants have now moved to dismiss Plaintiff's claims for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (ECF No. 48.) Defendants contend Plaintiff's purported trademark infringement claims are actually nothing more than contract claims in disguise and thus federal question jurisdiction is not present under 28 U.S.C. § 1331. Defendants also allege that Plaintiff failed to satisfy the amount in controversy

necessary for diversity jurisdiction. The facts of the case are set forth in the court's order deciding Defendants' previous motion to dismiss and will not be repeated here. For the reasons set forth below, Defendants' motion to dismiss will be denied

**ANALYSIS**

Plaintiff asserts that federal jurisdiction exists under 28 U.S.C. § 1338(a), which states that "[t]he district courts shall have original jurisdiction over any civil action under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks." The complaint sets forth two causes of action: trademark infringement against all Defendants and breach of distributorship agreements against AFTT and Prism. On the face of the complaint, it appears federal jurisdiction exists for the trademark infringement claim. However, Defendants allege that Plaintiff engaged in artful pleading and that the entirety of the matter is nothing more than a contract dispute in disguise. "[I]f the complaint is formally sufficient but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003). As the party asserting jurisdiction, Plaintiff has the burden of proof to establish federal jurisdiction. *Id.*

The majority of courts have adopted the rule outlined by Judge Friendly in *T.B. Harms Co. v. Eliscu*, to determine if trademark subject matter jurisdiction exists:

> an action "arises under" the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act, e.g., a suit for infringement or for the statutory royalties for record reproductions, or asserts a claim requiring construction of the Act . . . or, at the very least and perhaps more doubtfully, presents a claim where a distinctive policy of the Act requires that federal principles control the disposition of the claim.

2

339 F.2d 823, 828 (2d Cir. 1964). The Seventh Circuit is among this majority. *See Int'l. Armor & Limousine Co. v. Moloney Coachbuilders, Inc.*, 272 F.3d 912 (7th Cir. 2001).

Applying that test here, it is clear that the court has subject matter jurisdiction under § 1338(a). The complaint alleges that Plaintiff owns "a valid and subsisting United States Trademark Registration No. 0823348 on the Principal Register of the United States Patent and Trademark Office for the trademark Stoelting® (hereinafter "Stoelting® Mark") for frozen confection and distributing equipment, which has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065." Compl. ¶ 11. Although the complaint alleges that Defendants AFTT and Prism, both of which are controlled by Levine, were authorized distributors of certain of Plaintiff's products, the complaint also alleges the distributor agreements for both have been terminated and, along with them, any authorization either had to thereafter use Plaintiff's Stoelting® Mark. Following termination of the distributorship agreements, Plaintiff sent Defendants letters demanding that they "immediately cease and desist from using the Stoelting® Mark, and demanding (again) that they return all marketing, promotional and advertising materials consistent with paragraph 7.6 of the Agreements." Compl. ¶ 45. Despite the termination of their authority to use the Stoelting® Mark, the complaint alleges that the Defendants have continued to use the Stoelting® Mark at their websites and in their promotional, marketing and advertising materials thereby causing confusion to the public and a negative impact to Plaintiff's brand and reputation. Based on these allegations, Plaintiff seeks remedies specific to the Lanham Act: "injunctive and declaratory relief and an award of any actual damages, including Defendant's profits, as well as enhanced damages and profits, reasonable attorneys' fees and costs of the action under Section 34 and 35

3

of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest." Compl. ¶ 80.

Notwithstanding the fact that the complaint clearly sets forth a claim for trademark infringement, Defendants argue that the trademark claims are entirely derivative of contract issues. In support of their motion to dismiss, Defendants rely primarily on *Int'l. Armor & Limousine Company*. But *Int'l. Armor & Limousine Company* was an action for declaratory relief in which the plaintiff sought a determination that the agreement he entered into for the sale of his business did not convey his right to continue using his name and business history so as to violate the Lanham Act. In other words, the dispute the plaintiff presented to the court was over the meaning of the terms of the contract for the sale of his business. The plaintiff's complaint included no claim for damages under the Lanham Act. Although the defendant purchaser of the business counterclaimed for damages under the Lanham Act, it is the complaint that determines subject matter jurisdiction, not a counterclaim. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

Here, by contrast, Plaintiff has sued Defendants directly for damages it claims it is entitled to under the Lanham Act for infringement of Plaintiff's Stoelting® Mark. To prevail on its Lanham Act claim, Plaintiff will have to prove that Defendants' use of its Stoelting® Mark was without consent. 15 U.S.C. § 1114(1)(a). Defendants apparently take the position that such consent was given under the distributorship agreements and that Plaintiff failed to effectively terminate those agreements. If Defendants are successful in proving that the

4

distributorship agreements were not terminated, they may be able to defeat Plaintiff's trademark claim. But that doesn't mean the court lacks subject matter jurisdiction. The possibility that the trademark claim may fail does not mean federal jurisdiction is lacking at the outset. A federal court is not deprived of jurisdiction over a [trademark] action just because it involves a question of contract law. *Cf. Scandinavian Satellite Sys. v. Prime TV Ltd.*, 291 F.3d 839, 844 (D.C. Cir.2002) ("[W]hen a complaint alleges a claim or seeks a remedy provided by the Copyright Act, subject matter jurisdiction under § 1338(a) is not lost merely because a contract ownership dispute may be implicated.").

The case for federal jurisdiction is even more clear as to the claim against Defendant Levine. The parties do not dispute that Levine was not an individual party to the contracts at issue. Based upon Plaintiff's allegations, Levine infringed upon the Stoelting® Mark in a manner separate and apart from the AFTT/Prism distribution agreements. Plaintiff alleges that Levine used the Stoelting® Mark on the website of a third company, SES Associates, and did so in a similar manner to the way AFTT and Prism used the trademark on their own websites. Regardless of the interpretation of the distribution agreements, Levine clearly did not have authority to individually take the Stoelting® Mark and use it with another company. Accordingly, there is no serious argument that Plaintiff's trademark claim against Levine is derivative of a contract issue. For this reason as well, federal jurisdiction under 28 U.S.C. § 1338(a) is present. And because federal jurisdiction exists under 28 U.S.C. § 1338(a), it is not necessary to determine whether it also exists under 28 U.S.C. § 1332.

## CONCLUSION

For the reasons set forth above, the Defendants' motion to dismiss for lack of subject matter jurisdiction is **DENIED**. The Clerk is directed to set this matter on the Court's calendar

5

for a Rule 16(b) Scheduling Conference.  See Fed. R. Civ. P. 16(b).

**SO ORDERED** at Green Bay, Wisconsin this  31st   day of January, 2017.

           s/ William C. Griesbach
           William C. Griesbach, Chief Judge
           United States District Court