

Douglas P. Dehler
Attorney at Law

Doug.Dehler@wilaw.com

**O'NEIL CANNON HOLLMAN DEJONG & LAING** s.c.

Wisconsin's Premier Lawyers & Litigators

January 30, 2019

**VIA ECF FILING**
Honorable William C. Griesbach
U.S. District Court for the Eastern District of Wisconsin
125 South Jefferson Street
Green Bay, Wisconsin 54301

Re: *Vollrath v. Steven J. Levine, et al.*
U.S. District Court for the Eastern District of Wisconsin Case No. 16-cv-381

Dear Judge Griesbach:

This letter will confirm our conversation with your clerk, Mary, yesterday afternoon.

The parties have entered into a settlement agreement, a fully executed copy of which is attached. We have been authorized by all parties to inform the Court of the settlement and request that the jury trial scheduled to begin on Monday, February 4, 2019, be removed from the Court's calendar.

Pursuant to the attached settlement agreement, the Defendants' insurance carriers will be making a settlement payment to Plaintiff by no later than February 28, 2019. When that settlement payment is made, the parties will file a notice of dismissal of this case with prejudice.

In light of the settlement, we respectfully request that the jury trial be removed from the Court's calendar and that this case be scheduled for a status conference in early March 2019. If the parties file the notice of dismissal before that time, as is anticipated, then the status conference may be removed from the Court's calendar.

We appreciate the Court's attention to these matters. If the Court has questions about the settlement or believes that a telephonic status conference is necessary, please let us know. The parties' counsel will make themselves available for such a call, if necessary.

Very truly yours,

Douglas P. Dehler

c: Raymond C. Schreck, Esq. (via ECF)
Russell A. Klingaman, Esq. (via ECF)
Paige L. McCreary, Esq. (via ECF)
Laura J. Lavey, Esq. (via ECF)
Christa D. Wittenberg, Esq. (via ECF)

111 E. Wisconsin Avenue | Suite 1400 | Milwaukee, WI 53202-4870 | PHONE 414.276.5000 | FAX 414.276.6581 | wilaw.com
1329 W. Grand Avenue | Suite 200 | Port Washington, WI 53074 | PHONE 262.284.3407 | FAX 262.284.0442
716 Pine Street | Green Bay, WI 54301 | PHONE 920.569.1540 | FAX 414.276.6581

Case 1:16-cv-00381-WCG   Filed 01/30/19   Page 1 of 8   Document 170



## Settlement Agreement

This Settlement Agreement dated as of January 29, 2019 (this "Agreement") is entered into by and among The Vollrath Company, L.L.C. (former parent corporation and successor-in-interest to PW Stoelting, L.L.C. by way of merger) ("Vollrath"), on the one hand, and Advanced Frozen Treat Technology, Inc. ("AFTT"), Prism Marketing Corporation ("Prism"), and Steven J. Levine ("Levine"), on the other hand (the "Parties").

The Parties, having had an adequate opportunity to consult with counsel of their choosing, and not relying on representations other than as expressly set forth in this Agreement, hereby knowingly and voluntarily enter into this Agreement. Upon delivery by all Parties, including by electronic means, of a signed counterpart of this Agreement, the Parties stipulate and agree as follows:

This Settlement Agreement concerns that certain action brought in the United States District Court, Eastern District of Wisconsin, Green Bay Division, as Case No. 1:16-cv-00381 (the "Action").

1. AFTT, Prism, and Levine dispute and deny any liability by any of them to Vollrath in the Action.
2. This Agreement is made as a business-based resolution of the Action, without any admissions.
3. By February 28, 2019, AFTT, Prism, and Levine shall collectively cause their respective insurance carriers, The Hanover Insurance Company ("Hanover") and Hartford Casualty Insurance Company ("The Hartford"), to deliver to Vollrath payment in good funds in the total amount of $192,538.82, with one-half of said total amount to come from each carrier respectively. Vollrath shall provide counsel for the Parties with a fully-executed W9 form upon execution of this Agreement by all Parties. Upon payment by Hanover and The Hartford of their foregoing agreed-upon respective settlement contributions, Hanover and The Hartford are hereby respectively released by the Parties from further obligation for settlement funds in the Action.
4. Upon receipt of the settlement funds provided for above, Vollrath agrees to and shall immediately dismiss the Action in its entirety with prejudice as to all parties and all causes of action. The Parties waive the right to appeal from the Court's decisions or orders in the Action.
5. The Parties shall not bear any of the other Parties' attorney fees, costs, or expenses in the Action.
6. AFTT, Prism, and Levine agree not to hold themselves out as Authorized Distributors of Stoelting-brand products nor shall they use Stoelting-generated marketing materials, absent a future written agreement signed by a duly-authorized representative of Vollrath that authorizes such use. AFTT or Prism may sell or re-sell Stoelting-brand products as resellers from their own inventory or from inventory purchased from a Vollrath Authorized Seller of Stoelting-brand products located in the former territories of AFTT or Prism.
7. In connection with the sales referenced in paragraph 6, AFTT and Prism may advertise or display pictures or photographs of the products, including products reflecting Stoelting-brand Trademarks or tradenames, so long as not holding themselves out as Authorized Distributors. Any websites and marketing materials displaying such pictures or photographs of Stoelting-brand equipment shall contain a prominent disclosure on the first page (or the home page for a website) that the party offering the equipment for sale is not an Authorized Distributor of

Stoelting-brand products. In the event of conduct deemed contrary to paragraphs 6 or 7 of this Agreement, Vollrath shall provide written notice by an email sent to the Parties at mbcaltreats@gmail.com and to Attorney Ray Schreck at rayschrecklaw@gmail.com allowing reasonable time to cure the conduct, but in any event not less than ten (10) business days nor more than thirty (30) calendar days, before pursuing an action for relief. And, if the purported conduct is cured in a timely manner, the conduct shall be deemed to be of no force or effect. However, if similar conduct is subsequently repeated, no additional notice shall be necessary before filing legal action. Nothing in this paragraph shall be deemed a waiver of any of Vollrath's rights in its trademarks or a waiver of any rights or remedies available under trademark law or any other law.

8. The Parties hereby stipulate and agree, for purposes of both issue and claim preclusion, that all of the Court's decisions and orders in the Action are final, as if they had become final after all time for appeal had expired, and they shall be given full preclusive effect in any other litigation, including but not limited to the lawsuit currently pending in California as Advanced Frozen Treat Technology, Inc. et al. v. The Vollrath Company, L.L.C., et al, Superior Court of the State of California, County of Los Angeles, bearing case number BC656313 (the "California Lawsuit"). With regard to claim preclusion, the Parties hereby stipulate and agree the compulsory counterclaim rule, as set forth in Fed. R. Civ. Proc. 13(a) and relevant case law, applies and bars in any other litigation (including but not limited to the California Lawsuit) any and all claims that are determined by any state or federal court to have been compulsory counterclaims that should have been brought in the Action.
9. The Parties hereby stipulate and agree that they are authorized respectively to enter into this Agreement by and through the persons signing below.
10. The Parties represent and warrant they have not assigned or transferred any claims brought in this Action or to the extent such claims had to be brought as compulsory counterclaims, if any.

**THE VOLLRATH COMPANY, L.L.C.**

By: Richard Koehl, Vice President, Stoelting Foodservice

**ADVANCED FROZEN TREAT TECHNOLOGY, INC.**

By: Steven J. Levine, its President

**PRISM MARKETING CORPORATION**

By: Steven J. Levine, its President

**STEVEN J. LEVINE**

By: Steven J. Levine, an Individual

Stoelting-brand products. In the event of conduct deemed contrary to paragraphs 6 or 7 of this Agreement, Vollrath shall provide written notice by an email sent to the Parties at mbcaltreats@gmail.com and to Attorney Ray Schreck at rayschrecklaw@gmail.com allowing reasonable time to cure the conduct, but in any event not less than ten (10) business days nor more than thirty (30) calendar days, before pursuing an action for relief. And, if the purported conduct is cured in a timely manner, the conduct shall be deemed to be of no force or effect. However, if similar conduct is subsequently repeated, no additional notice shall be necessary before filing legal action. Nothing in this paragraph shall be deemed a waiver of any of Vollrath's rights in its trademarks or a waiver of any rights or remedies available under trademark law or any other law.

8. The Parties hereby stipulate and agree, for purposes of both issue and claim preclusion, that all of the Court's decisions and orders in the Action are final, as if they had become final after all time for appeal had expired, and they shall be given full preclusive effect in any other litigation, including but not limited to the lawsuit currently pending in California as Advanced Frozen Treat Technology, Inc. et al. v. The Vollrath Company, L.L.C., et al, Superior Court of the State of California, County of Los Angeles, bearing case number BC656313 (the "California Lawsuit"). With regard to claim preclusion, the Parties hereby stipulate and agree the compulsory counterclaim rule, as set forth in Fed. R. Civ. Proc. 13(a) and relevant case law, applies and bars in any other litigation (including but not limited to the California Lawsuit) any and all claims that are determined by any state or federal court to have been compulsory counterclaims that should have been brought in the Action.
9. The Parties hereby stipulate and agree that they are authorized respectively to enter into this Agreement by and through the persons signing below.
10. The Parties represent and warrant they have not assigned or transferred any claims brought in this Action or to the extent such claims had to be brought as compulsory counterclaims, if any.

**THE VOLLRATH COMPANY, L.L.C.**

_____
By: Richard Koehl, Vice President, Stoelting Foodservice

**ADVANCED FROZEN TREAT TECHNOLOGY, INC.**

_____
By: Steven J. Levine, its President

**PRISM MARKETING CORPORATION**

_____
By: Steven J. Levine, its President

**STEVEN J. LEVINE**

_____
By: Steven J. Levine, an Individual

APPROVED AS TO FORM AND ADDRESSES FOR NOTICE TO COUNSEL:

**O'NEIL, CANNON, HOLLMAN,
DEJONG & LAING S.C.**
Counsel for The Vollrath Company, L.L.C.

*/s/ Douglas P. Dehler*

Douglas P. Dehler
doug.dehler@wilaw.com
111 East Wisconsin Ave. Suite 1400
Milwaukee, Wisconsin 53202

**RAYMOND C. SCHRECK ATTORNEY AT LAW**
Counsel for Advanced Frozen Treat
Technology, Inc. and Steven J. Levine

_____

Raymond C. Schreck
Rayschrecklaw@gmail.com
417 South Hill Street, Suite 215
Los Angeles, California 90013

**HINSHAW & CULBERTSON LLP**
Counsel for Defendant Prism Marketing Corporation

_____

Russell A. Klingaman
rklingaman@hinshawlaw.com
100 E. Wisconsin Ave., Suite 2600
Milwaukee, Wisconsin 53202

APPROVED:

**THE HANOVER INSURANCE COMPANY**

_____
Its Authorized Representative

**HARTFORD CASUALTY INSURANCE COMPANY**

_____
Its Authorized Representative

APPROVED AS TO FORM AND ADDRESSES FOR NOTICE TO COUNSEL:

| | |
|---|---|
| **O'NEIL, CANNON, HOLLMAN,** **DEJONG & LAING S.C.** Counsel for The Vollrath Company, L.L.C. | **RAYMOND C. SCHRECK ATTORNEY AT LAW** Counsel for Advanced Frozen Treat Technology, Inc. and Steven J. Levine *[signature]* |
| Douglas P. Dehler doug.dehler@wilaw.com 111 East Wisconsin Ave. Suite 1400 Milwaukee, Wisconsin 53202 | Raymond C. Schreck Rayschrecklaw@gmail.com 417 South Hill Street, Suite 215 Los Angeles, California 90013 |

**HINSHAW & CULBERTSON LLP**
Counsel for Defendant Prism Marketing Corporation

Russell A. Klingaman
rklingaman@hinshawlaw.com
100 E. Wisconsin Ave., Suite 2600
Milwaukee, Wisconsin 53202

**APPROVED:**

| | |
|---|---|
| **THE HANOVER INSURANCE COMPANY** | **HARTFORD CASUALTY INSURANCE COMPANY** |
| Its Authorized Representative | Its Authorized Representative |

APPROVED AS TO FORM AND ADDRESSES FOR NOTICE TO COUNSEL:

| | |
|---|---|
| O'NEIL, CANNON, HOLLMAN, DEJONG & LAING S.C.<br>Counsel for The Vollrath Company, L.L.C. | RAYMOND C. SCHRECK ATTORNEY AT LAW<br>Counsel for Advanced Frozen Treat Technology, Inc. and Steven J. Levine |
| Douglas P. Dehler<br>doug.dehler@wilaw.com<br>111 East Wisconsin Ave. Suite 1400<br>Milwaukee, Wisconsin 53202 | Raymond C. Schreck<br>Rayschrecklaw@gmail.com<br>417 South Hill Street, Suite 215<br>Los Angeles, California 90013 |

HINSHAW & CULBERTSON LLP
Counsel for Defendant Prism Marketing Corporation

_____
Russell A. Klingaman
rklingaman@hinshawlaw.com
100 E. Wisconsin Ave., Suite 2600
Milwaukee, Wisconsin 53202

APPROVED:

| | |
|---|---|
| THE HANOVER INSURANCE COMPANY | HARTFORD CASUALTY INSURANCE COMPANY<br>*Diane Di Franco* |
| _____<br>Its Authorized Representative | _____<br>Its Authorized Representative |

APPROVED AS TO FORM AND ADDRESSES FOR NOTICE TO COUNSEL:

| | |
|---|---|
| O'NEIL, CANNON, HOLLMAN, DEJONG & LAING S.C. <br> Counsel for The Vollrath Company, L.L.C. | RAYMOND C. SCHRECK ATTORNEY AT LAW <br> Counsel for Advanced Frozen Treat Technology, Inc. and Steven J. Levine |
| _____ <br> Douglas P. Dehler <br> doug.dehler@wilaw.com <br> 111 East Wisconsin Ave. Suite 1400 <br> Milwaukee, Wisconsin 53202 | _____ <br> Raymond C. Schreck <br> Rayschrecklaw@gmail.com <br> 417 South Hill Street, Suite 215 <br> Los Angeles, California 90013 |

HINSHAW & CULBERTSON LLP
Counsel for Defendant Prism Marketing Corporation

_____
Russell A. Klingaman
rklingaman@hinshawlaw.com
100 E. Wisconsin Ave., Suite 2600
Milwaukee, Wisconsin 53202

APPROVED:

| | |
|---|---|
| THE HANOVER INSURANCE COMPANY | HARTFORD CASUALTY INSURANCE COMPANY |
| *[signature]* <br> _____ <br> Its Authorized Representative | _____ <br> Its Authorized Representative |